IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRANDON FIELDS                                                    PETITIONER

v.                                            CAUSE NO. 3:16-cv-97-DPJ-JCG

MARSHALL FISHER                                                  RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THIS COURT are the Amended Petition for Writ of Habeas Corpus filed by Petitioner Brandon Fields pursuant to 28 U.S.C. § 2254 (ECF No. 5), Respondent's April 15, 2016, Motion to Dismiss (ECF No. 19), and Petitioner's Response to the Motion to Dismiss (ECF No. 20). Also before the Court are two Motions filed by Fields that reurge the arguments contained in Fields's Amended Petition and Response. (ECF No. 9 and ECF No. 15). Having considered the pleadings, the record, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Respondent's Motion to Dismiss (ECF No. 19) should be granted and the Amended Petition dismissed with prejudice because Fields did not exhaust his State court remedies, and the time for doing so has expired. Fields' Motions (ECF No. 9 and ECF No. 15) should be denied.

FACTS AND PROCEDURAL HISTORY

Petitioner Fields pleaded guilty to a charge of possession of a firearm by a convicted felon in the Circuit Court of Lauderdale County, Mississippi. (ECF No. 5-1). The negotiated plea agreement included a statement that "Defendant shall go to restitution center to satisfy his money obligation in this sentence." (*Id.* at 5). On December 3, 2014, the Circuit Court sentenced Fields to ten years imprisonment,

five years of which were suspended, plus five years post-release supervision.  (*Id*. at 15). The Circuit Court accepted the parties' restitution center agreement to the extent that it ordered that "the Defendant shall participate in the Restitution Center Program as a condition of any early release."  (*Id*. at 18).

At the time Fields filed his Amended Petition, he was incarcerated at the South Mississippi Correctional Institute in Leakesville, Mississippi. In his Petition, he complains that he has not been transferred to a restitution center. Fields states: "I would not have plead [sic] guilty without this. The whole reason for this arrangement was so I could get my fines paid before I was released and I could walk out of prison with a job." (ECF No. 5, at 6). Fields maintains that he was told by his case manager that "they do not parole to the restitution center any longer." (*Id*). Fields contends that Respondent's failure to transfer him to a restitution center is a violation of his plea agreement and due process rights. (*Id*. at 3, 6).

On November 12, 2015, shortly after filing his Petition, Fields was released on parole to a halfway house in Jackson, Mississippi. (ECF No. 20, at 2-3). Fields acknowledges that it is "too late to honor" the plea agreement, because it "would reincarcerate me to a certain extent, and put more restrictions on my liberty than just being on parole." (*Id*. at 4-5).

Respondent requests dismissal on the grounds that Fields' petition does not state a claim, and, in the alternative, he has failed to exhaust his state court remedies.

-2-

DISCUSSION

Since Fields' does not challenge the constitutionality of his State court conviction or sentence but instead challenges the execution of his sentence and whether its execution is in accord with his plea agreement,[1] his Petition could be considered as being filed under 28 U.S.C. § 2241 rather than § 2254. However, even if the Court construed the Petition as one filed pursuant to 28 U.S.C. § 2241, exhaustion of administrative remedies is still required before the Court can consider the Petition. *See Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003)(citing *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)); *United States v. Gabor*, 905 F.2d 76, 78 n .2 (5th Cir.1990).

Respondent submits that Fields submitted a complaint regarding his transfer to a restitution center through the MDOC Administrative Remedies Program (ARP) on January 7, 2015. Fields appealed the decision to the Circuit Court of Greene County, Mississippi, which affirmed the ARP decision by order entered February 18, 2016. Respondent informs that there is no record that Fields appealed the Circuit Court's decision to the Mississippi Supreme Court. Fields agrees, stating he "was ineligible to take this any further because the 30 days to file for judicial review had lapsed, by more than 1 year." (ECF No. 20, at 1-2).

Full exhaustion of all claims presented is required before federal habeas

---

[1] The plea agreement terms are not controlling, as the Circuit Court was free to accept or reject them. Fields acknowledged his understanding of this in the plea agreement. (ECF No. 5-1). The operative terms are those in the Circuit Court's sentencing order.

corpus relief is available. *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990). Fields filed his Petition in this Court without affording the Mississippi Supreme Court an opportunity to address his claim. Even if Fields no longer has State court remedies available, the Fifth Circuit Court of Appeals has held, "When . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

The "cause and actual prejudice" exception does not apply, as Fields offers no cause for the default, and his due process-type claim has no bearing on actual innocence. *See Raines v. Denmark*, No. 1:13-cv-562-KS-MTP, 2016 WL 4145927, at *2 (S.D. Miss. July 12, 2016), report and recommendation adopted, 2016 WL 4133554 (S.D. Miss. Aug. 3, 2016) (citing *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Thus, Respondent's Motion to Dismiss should be granted for Fields' failure to exhaust available State court remedies prior to filing this action. Because it is obvious that Fields' unexhausted claim would be procedurally barred in State court, the Petition should be dismissed with prejudice. *Sones,* 61 F.3d at 416.

Even if Fields had exhausted, he has not stated a claim for habeas relief.[2] The sentencing order required him to participate in the Restitution Center Program as a condition of any early release; it does not require the MDOC to assign Fields to a

---

[2] It should be noted that "the purpose of habeas corpus is to deliver from unlawful imprisonment." *Goldsmith v. Sanford*, 132 F.2d 126, 127 (5th Cir. 1942). Fields' claim that he should have been confined to a restitution center rather than released on parole is an odd fit for the habeas corpus statutes.

restitution center. The MDOC, rather than the sentencing court, had the authority to assign Fields to a restitution center. *See* Miss. Code Ann. § 47-5-110 ("The commissioner shall have the authority to transfer inmates from the various correctional facilities of the department to restitution centers if such inmates meet the qualifications prescribed in Section 99-37-19."). By statute, the sentencing court could not require MDOC to place Fields in a restitution center. *See id.* ("Commitment to any institution or facility within the jurisdiction of the department shall be to the department, not to a particular institution or facility."). There is no constitutional issue presented by the MDOC's exercise of its statutory authority to place Fields where it deemed proper. *Barber v. Quarterman*, 437 F. App'x 302, 304 (5th Cir. 2011) (citing *Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir. 1996) (a prisoner has no constitutional right to be housed in a particular facility).

## RECOMMENDATION

Based upon the foregoing, the undersigned United States Magistrate Judge recommends that Respondent's Motion to Dismiss (ECF No. 19) be granted for Fields' failure to exhaust available State court remedies prior to filing this action, and that Fields' Petition for habeas corpus relief be dismissed with prejudice. Fields' Motions (ECF No. 9 and ECF No. 15) should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, each party has fourteen (14) days to serve and file written objections to

the Report and Recommendation; the objectio ns must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

**SIGNED**, this the 2nd day of September, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE